## KOHN v. NASSAU ELECTRIC RY. CO.

(Supreme Court, Appellate Term. May 27, 1909.)

1. CARRIERS (§ 238*)—CARRIAGE OF PASSENGERS—RELATION—PAYMENT OF FARE.
    A street railway company accepts a person as a passenger when his transfer is accepted by its conductor in lieu of a fare, and he can recover for breach of the contract of carriage without proving that the transfer was good.
    [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 238.*]

2. APPEAL AND ERROR (§ 1010*)—REVIEW—QUESTIONS OF FACT—FINDINGS OF COURT.
    A judgment in a case tried by the court will be reversed, when not supported by the evidence.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3982; Dec. Dig. § 1010.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Solomon Kohn against the Nassau Electric Railway Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

H. & H. S. Mendelsohn, for appellant.

George D. Yeomans (Francis R. Stoddard, of counsel), for respondent.

SEABURY, J. The plaintiff brings this action to recover damages for the alleged breach of a contract of carriage. On December 27, 1908, the plaintiff boarded a Nostrand Avenue car, and rode to Flushing avenue, and there got a transfer to the Graham Avenue car, upon which he rode until he reached Broadway. Here, intending to go to the borough of Manhattan, he took a Ralph Avenue car. As soon as he

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

got upon this car he gave the transfer to the conductor, and after he had been in the car about five minutes the conductor demanded a fare. To this demand the plaintiff replied that he had given him a transfer. The conductor then struck him in the head, and, seizing him by the collar, threw him to the rear of the car on the floor. After subjecting the plaintiff to this treatment, the conductor permitted the plaintiff to remain in the car for the balance of his journey.

The evidence shows that the plaintiff was severely injured as a result of the treatment he received. The plaintiff was corroborated by a disinterested witness, and the defendant offered no evidence to contradict the testimony of the plaintiff. The defense is based entirely upon the theory that the relation of carrier and passenger did not exist between the plaintiff and the defendant, because the plaintiff did not prove that the transfer which the plaintiff gave the conductor was good upon a Ralph Avenue car. The conductor having accepted the transfer which the plaintiff gave him, the defendant is in no position to urge that the relation of carrier and passenger did not exist. The plaintiff can hardly be blamed for not understanding the transfer system of the defendant. The transfer system in vogue among the street railroads in New York City is anything but clear and intelligible, except to employés of the company. If the plaintiff had no right to ride on the Ralph Avenue car upon the transfer he gave to the conductor, it was the duty of the conductor to explain this fact courteously to him and to refuse to accept the transfer. When the transfer was accepted in lieu of a fare, the defendant accepted the plaintiff as its passenger. The action of the conductor in assaulting the plaintiff, when, in response to a demand for a fare, the plaintiff explained that he had given the conductor a transfer, was a breach of the contract of carriage, as well as a gross outrage.

The respondent contends that, as this case was tried before the court without a jury, the judgment should be affirmed. To this contention there are two sufficient answers: First, a judge has no more right than a jury to decide a case contrary to the evidence; and, second, the learned trial justice dismissed the plaintiff's case, not upon the facts, but because, as he viewed the law, the plaintiff was not entitled to recover. It is true that at the close of the plaintiff's case the court said, "I can't believe the story," but subsequently the court said:

"It is a pure question of law. That is what I am deciding it on."

A carrier cannot accept a person as a passenger, and then, because its servant believes that he made a mistake in permitting him to become a passenger, immediately commit an assault upon him, and then avoid liability for breach of the contract of carriage. The plaintiff proved a prima facie case, and was corroborated by a disinterested witness, and his testimony was uncontradicted; and it is evident from the record that judgment was rendered against him because the trial justice erroneously assumed that the relation of carrier and passenger did not exist between the parties.

The judgment and order appealed from are reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.